```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                        INDIANAPOLIS DIVISION
```

| | |
|---|---|
| DENA JOHNSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
|       v. | )   No. 1:18-cv-02078-SEB-DML |
| | ) |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| RIDGE, | ) |
| PECK, | ) |
| M. BRYANT, | ) |
| MOORE, | ) |
| JOHNSON, | ) |
| RAINS, | ) |
| | ) |
|       Defendants. | ) |

**Entry Denying Request to Proceed *in Forma Pauperis*,
Dismissing Complaint, and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. She shall have **through August 13, 2018**, to pay an initial partial filing fee of $2.72.

**II.**

Ms. Johnson is an inmate at the Indiana Women's Prison. She alleges in her complaint that another inmate has been bullying her and once poured water over her and her bed. She also states that she complained to the defendants about the other inmate, but they did not take any steps to separate them or otherwise protect her.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, the complaint must be **dismissed**. Pursuant to the Eighth Amendment, prison officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). To state a claim for failure to protect, the plaintiff must allege that (1) the defendants' denial of her requests for assistance posed a substantial risk of serious harm and (2) the defendants acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for "a deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir.2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). The plaintiff alleges here that another inmate poured water on her and on her bed. This is not the kind of behavior that

poses a "substantial risk of serious harm" sufficient to state a claim under the Eighth Amendment and the complaint is dismissed. *See Lytle v. Gebhart*, 14 F. App'x 675, 678 (7th Cir. 2001) (unpublished) (an "isolated and short-lived fist fight" is not a substantial harm).

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through August 13, 2018,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 7/13/2018

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DENA JOHNSON
912495
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214